[Dkt. No. 30]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            v.                      : Crim. No. 17-117 (RMB)
                                    :
JOSEPH BOYD                         : **OPINION**
_____ :

This matter comes before the Court upon Defendant Joseph Boyd's, Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release) Dkt. No. 30. Defendant Boyd is currently serving his sentence at FCI Medium Allenwood, with a projected release date to a half-way house on June 19, 2021. The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

On April 3, 2017, Boyd pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base in violation of 21 USC 846 [21 USC 841(a)(1) and (b)(1)(C). On March 20, 2013, the Court sentenced Defendant to 151 months, with a three-year term of supervised release, and a fine of $10,000. On September 8, 2017, before the Honorable Jerome B. Simandle, Defendant was sentenced to a term of 70 months imprisonment and three years of supervised release.

In support of his Motion, Defendant seeks compassionate release from prison based on the fear of contacting the COVID-19 virus. The Government responds that Defendant has not exhausted his administrative remedies, and even if he did, he does not satisfy the "extraordinary and compelling" standard for release.

**DISCUSSION**

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, 954 F.3d 594 (3d Cir. 2020). This is a statutory requirement that this Court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

The Government contends that the BOP has no record of receiving a compassionate release request from Defendant. Defendant has not disputed the Government's position. Accordingly, because Defendant has not exhausted his administrative remedies, this Court will not consider the merits of his motion at this time, and his motion will be denied.

```
                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge
Dated: February 10, 2021
```